The agreement made by plaintiff before her appointment must, therefore, be held binding, and can properly be pleaded in answer to the complaint."

*William C. Albro*, for the appellant.    *Hackett & Williams*, for the respondent.

Opinion by PRATT, J.

Present — PRATT and DYKMAN, JJ.   BARNARD, P. J., not sitting.

Order reversed, with costs and disbursements.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT DAY, Appellant, *v.* JOHN H. BERGEN, Referee, Respondent.

*Costs — Special proceeding — Commitment of referee for contempt for refusing to carry out judgment of foreclosure — is not.*

APPEAL from an order of the Special Term, affirming a taxation of costs by the clerk of Kings county.

This proceeding was instituted to secure the commitment of the defendant for a contempt, in refusing to pay and discharge certain taxes and assessments upon real estate sold by him as a referee, as required by the judgment in the action of *Easton* v. *Pickersgill.*

The court at General Term set aside the warrant of commitment. (13 S. C. R. N. Y. [6 Hun], 267.)

The relator objected to the taxation of the costs by the clerk, on the ground that this was a special proceeding, and that the costs should be taxed by the judge before whom the same was heard, or by the court by which it was decided.

The court at General Term say : " It seems to me clear that the motion, out of which this controversy has arisen, was a part of the machinery belonging to the action of *Easton* v. *Pickersgill,* used to carry the decree into effectual execution and protect the rights of the parties therein.

It was, therefore, not a special proceeding within the meaning of

section 3 of the Code, and the clerk was the proper officer to tax the costs under the decision of the General Term. (See Code, §§ 178, 471; *Dresser* v. *Van Pelt,* 6 Duer,. 687; *Seeley* v. *Black,* 35 How., 369; *Pitt* v. *Davison,* 37 N. Y., 235; *Holstein* v. *Rice,* 15 Abb., 307.)

It follows that the order appealed from must be affirmed, with costs and disbursements."

*Albert Day,* appellant, in person. *John H. Bergen,* respondent, in person.

Opinion by PRATT, J.

Present — BARNARD, P. J., PRATT and DYKMAN, JJ.

Order affirmed, with costs and disbursements.

9h 203
64ad405

WILLIAM REYNOLDS, RESPONDENT, *v.* JOHN GILCHREST, IMPLEADED WITH JAMES H. TRUESDALL, APPELLANT.

*Supplementary proceedings —failure of defendant to appear — contempt — amount of fine — what proper.*

MOTION for a reargument on an appeal from an order of the county judge of Westchester county, adjudging John Gilchrest guilty of contempt for not obeying an order made in supplementary proceedings, and imposing a fine of the amount due on the judgment in the order and the costs and expenses of proceeding, and directing that he stand committed till the same should be paid.

The court at General Term say : " This motion is made under a misapprehension of the decision made by this court. The appeal was from an order imposing a fine for a contempt. This fine was the entire amount of the judgment. There was no proof authorizing the county judge to impose so large a fine. The proceedings were supplementary to an execution. The judgment debtor made an unexcused default. The order should have been that such moderate fine be imposed as would pay the prosecuting attorney for his costs and expenses, and that the debtor should appear before the county judge for examination. No loss was shown by reason